**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

THOMAS MICHAEL LISOWSKY,                    Case No. 1:26-cv-21631-RKA

    Plaintiff,                                          Hon. Roy K. Altman

v.

DISCOVER BANK, EQUIFAX INFORMATION
SERVICES, LLC, and EXPERIAN INFORMATION
SOLUTIONS, INC.,

    Defendants.

_____/

### PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT TO ADD DEFENDANT TRANS UNION LLC, AND INCORPORATED MEMORANDUM OF LAW

Plaintiff, Thomas Michael Lisowsky, pursuant to Federal Rule of Civil Procedure 15(a)(2) and Local Rule 15.1, respectfully moves this Court for leave to file the proposed First Amended Complaint attached hereto as Exhibit A, and in support states as follows:

### INTRODUCTION

1.      This is an action under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq. Plaintiff filed his original Complaint on March 12, 2026 (ECF No. 1). Each Defendant has since appeared and answered: Equifax Information Services, LLC, on May 12, 2026 (ECF No. 17); Experian Information Solutions, Inc., on May 20, 2026 (ECF No. 18); and Discover Bank on May 20, 2026 (ECF No. 20). The case remains at the scheduling stage; discovery has not commenced, and no trial date has been set.

2.      Plaintiff seeks leave to file the First Amended Complaint (Exhibit A) to: (a) add Trans Union LLC as a Defendant on FCRA claims under 15 U.S.C. §§ 1681e(b) and 1681i(a); (b) add allegations confirming Plaintiff's Article III standing, including the concrete injuries resulting from the inaccurate reporting; (c) plead with greater specificity each consumer reporting agency's

reinvestigation conduct, including the Automated Consumer Dispute Verification ("ACDV") process and the resulting failure to conduct a reasonable reinvestigation under 15 U.S.C. §§ 1681i(a) and 1681s-2(b); and (d) refine the factual allegations concerning the inconsistent reporting of the single Discover account across the consumer reporting agencies. Trans Union is the third consumer reporting agency—already identified in the original Complaint—to which Discover furnished the same inaccurate account information, and the new claims arise entirely from the same Discover account and reporting already at issue in this case.

**MEMORANDUM OF LAW**

3.      Where, as here, the time to amend as of right has passed, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). The Rule directs that "[t]he court should freely give leave when justice so requires." Id. This is a liberal standard that reflects a strong policy in favor of deciding cases on their merits.

4.      Leave to amend should be freely granted absent a substantial reason such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, or futility of the amendment. Foman v. Davis, 371 U.S. 178, 182 (1962); Bryant v. Dupree, 252 F.3d 1161, 1163 (11th Cir. 2001). None of those reasons is present here.

5.      Each factor favors amendment:

a.      <u>No undue delay or dilatory motive.</u> The case is at its earliest stage. The Defendants answered only weeks ago, discovery has not begun, and no trial date is set. Plaintiff seeks leave promptly after the pleadings closed.

b.   <u>No bad faith.</u> The amendment refines and strengthens the existing claims and Plaintiff's standing allegations and is offered in good faith to streamline the issues for discovery.

c.   <u>No prejudice.</u> The proposed amendment arises from the same transaction and occurrence already pleaded—the inaccurate reporting of the single Discover account. Adding Trans Union LLC, which the original Complaint already identified as a third consumer reporting agency receiving Discover's inconsistent furnishing, works no prejudice on the existing Defendants. Discovery has not commenced, and Trans Union will be served and afforded a full opportunity to respond.

d.   <u>Not futile.</u> Futility is measured by the same standard as a motion to dismiss, and the proposed pleading easily satisfies it. As to 15 U.S.C. § 1681e(b), the First Amended Complaint alleges that Trans Union published and disseminated to third parties a consumer report bearing facially contradictory and inaccurate account information—characterizing the same account as both "Account paid in Full was a Charge-off" and "SETTLED-LESS THAN FULL BLNC," and reflecting a "Date Closed" of February 21, 2021, on an account not settled until June 2025. As to 15 U.S.C. § 1681i(a), the First Amended Complaint alleges that Plaintiff sent Trans Union a written dispute by certified mail on March 21, 2026, and that Trans Union thereafter failed to conduct a reasonable reinvestigation within the statutory period and failed to correct the inaccurate information. These allegations state plausible FCRA claims and reinforce Plaintiff's Article III standing.

6.   This is Plaintiff's first request for leave to amend. There has been no prior amendment and no repeated failure to cure deficiencies.

7. Adding Trans Union now, rather than relegating Plaintiff to a separate action, promotes judicial economy and avoids piecemeal litigation of the identical Discover reporting across the three consumer reporting agencies already before the Court.

## LOCAL RULE 15.1 COMPLIANCE

8. In compliance with Local Rule 15.1, the proposed First Amended Complaint is attached in full as Exhibit A and reproduces the entire pleading as amended, without incorporation by reference. A version marked to show the changes from the original Complaint (ECF No. 1) is attached as Exhibit B for the Court's convenience.

## CERTIFICATE OF GOOD-FAITH CONFERENCE (LOCAL RULE 7.1(a)(3))

9. Undersigned counsel certifies that, on June 2, 2026, counsel conferred, or made reasonable efforts to confer, with counsel for each Defendant regarding the relief sought in this Motion. Counsel for Discover Bank (Burr & Forman LLP) and counsel for Experian Information Solutions, Inc. (Goodwin Procter LLP) advised that their respective clients do not oppose the relief requested. Counsel of record for Equifax Information Services, LLC did not respond despite undersigned counsel's reasonable efforts to obtain Equifax's position; the Motion is therefore unopposed by Discover and Experian and submitted as to Equifax upon a reasonable-efforts certification.

WHEREFORE, Plaintiff, Thomas Michael Lisowsky, respectfully requests that the Court grant leave to file the First Amended Complaint attached as Exhibit A; deem the First Amended Complaint filed as of the date of the Court's order; direct the Clerk to issue a summons as to Defendant Trans Union LLC; and grant such other and further relief as the Court deems just and proper.

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on _____, 2026, I electronically filed the foregoing

with the Clerk of the Court using the CM/ECF system, which will send a Notice of Electronic

Filing to all counsel of record.

Respectfully submitted,

**VINDEX PRIVATUS, PLLC**
2525 Ponce de Leon Blvd, Suite 300
Coral Gables, FL 33134
Tel: (786) 626-8113

By: /s/ David Cruz
David Cruz, Esq.
Florida Bar No. 1006812
Email: david@vindexprivatus.com
*Counsel for Plaintiff*