**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

THOMAS MICHAEL LISOWSKY,
    Plaintiff,

v.                      Case No.: 1:26-cv-21631-RKA

                             Hon. Roy K. Altman

DISCOVER BANK, EQUIFAX INFORMATION SERVICES, LLC,
EXPERIAN INFORMATION SOLUTIONS, INC., and
TRANS UNION LLC,
    Defendants.

_____/

**PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DAMAGES**

Plaintiff THOMAS MICHAEL LISOWSKY, by and through undersigned counsel, hereby sues Defendants DISCOVER BANK, EQUIFAX INFORMATION SERVICES, LLC, EXPERIAN INFORMATION SOLUTIONS, INC., and TRANS UNION LLC, and alleges as follows:

**PARTIES**

1. Plaintiff Thomas Michael Lisowsky ("Plaintiff") is a natural person and a "consumer" as defined by 15 U.S.C. § 1681a(c), residing at 4354 Lafayette Avenue, Sebring, Florida 33875.

2. Defendant Discover Bank ("Discover") is a state-chartered bank and wholly-owned subsidiary of Discover Financial Services, Inc., with its principal place of business at 2500 Lake Cook Road, Riverwoods, Illinois 60015. At all times material hereto, Discover was a "furnisher" of information to consumer reporting agencies within the meaning of 15 U.S.C. § 1681s-2, and regularly furnished information regarding Plaintiff to one or more consumer reporting agencies, including Equifax, Experian, and TransUnion.

3. Defendant Equifax Information Services, LLC ("Equifax") is a limited liability company organized under the laws of Georgia, with its principal place of business at 1550 Peachtree Street NW, Atlanta, Georgia 30309. At all times material hereto, Equifax was a "consumer reporting agency" ("CRA") as defined by 15 U.S.C. § 1681a(f), which regularly assembled, evaluated, and maintained consumer reports for the purpose of furnishing such reports to third parties.

4. Defendant Experian Information Solutions, Inc. ("Experian") is a corporation organized under the laws of Ohio, with its principal place of business at 475 Anton Boulevard, Costa Mesa, California 92626. At all times material hereto, Experian was a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f), which regularly assembled, evaluated, and maintained consumer reports for the purpose of furnishing such reports to third parties.

5. Defendant Trans Union LLC ("TransUnion") is, upon information and belief, a limited liability company organized under the laws of Delaware, with its principal place of business at 555 West Adams Street, Chicago, Illinois 60661. At all times material hereto, TransUnion was a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f), which regularly assembled, evaluated, and maintained consumer reports for the purpose of furnishing such reports to third parties.

**JURISDICTION AND VENUE**

6. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, as this action arises under federal law, namely the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq.

7. This Court has personal jurisdiction over each Defendant because each Defendant conducts substantial business in the State of Florida and in this District, and a substantial part of the events and omissions giving rise to this action occurred in this District.

8. Venue is proper in this District pursuant to 15 U.S.C. § 1681p and 28 U.S.C. § 1391(b)(2), because each Defendant transacts substantial business in this District and a substantial part of the events or omissions giving rise to the claims occurred in this District, including the furnishing and publication of inaccurate consumer reports to third-party creditors who pulled Plaintiff's credit in connection with mortgage applications processed through lenders operating in this District.

## FACTUAL ALLEGATIONS

### A. The Discover Account

9. Plaintiff held a secured credit card issued by Discover, account number ending in *5796 (the "Account").

10. The Account became delinquent, and Discover charged off the balance.

11. In or about June 2025, Plaintiff settled the Account in full with Discover. Plaintiff's last payment on the Account was made on June 13, 2025, and the Account was paid and closed.

12. Following the settlement, Discover was obligated to report the Account accurately and consistently to all consumer reporting agencies to which it furnishes information, including Equifax, Experian, and TransUnion.

### B. Discover's Inaccurate and Inconsistent Reporting Across Three Bureaus

13. On March 6, 2026, Plaintiff obtained his consumer reports from Experian, Equifax, and TransUnion. A review of all three reports reveals that Discover is furnishing materially different and inaccurate information about the Account to each CRA.

14. Experian reports the Account as: "Paid in settlement. $264 written off." Experian continues to report the Account with a charge-off status, despite the Account having been settled and closed.

15. TransUnion reports the Account as: "Account paid in Full was a Charge-off" and separately designates the Account status as "SETTLED-LESS THAN FULL BLNC." TransUnion thus contradicts Experian's report by characterizing the Account as "paid in full" while Experian reports it as "paid in settlement" — two legally and financially distinct characterizations. Moreover, TransUnion's own report is internally contradictory and facially inaccurate, as it simultaneously reports the Account as "paid in Full" and "SETTLED-LESS THAN FULL BLNC" — mutually exclusive outcomes that cannot both be true. TransUnion also reports a "Date Closed" of February 21, 2021 — more than four years before the Account was settled in June 2025 — which is inaccurate or, at minimum, materially misleading in the context of the other reported information.

16. Equifax reports the Account as: "Charge Off" with a charge-off amount of $0 and a status of "Paid and Closed."

17. These three characterizations are materially inconsistent with one another. "Paid in full," "paid in settlement," and "charge off" are legally distinct account statuses that carry materially different implications for a consumer's creditworthiness, and Discover cannot accurately be reporting all three simultaneously.

18. Discover, as the sole furnisher of information regarding this Account, is the source of each of these inconsistent reports. A furnisher that reports materially different information about the same account to different CRAs is, by definition, reporting inaccurate information to at least two of the three.

**C. Equifax's Report of New Derogatory Information Six Months After Settlement**

19. Equifax's report contains a particularly egregious inaccuracy: it lists the "Date Major Delinquency First Reported" for the Account as December 30, 2025 — more than six months after Plaintiff settled and closed the Account in June 2025.

20. This means that Discover reported brand-new derogatory information to Equifax on or about December 30, 2025, on an account that had already been paid and closed for over six months.

21. There is no legitimate basis for reporting new derogatory activity on a settled, closed account. This constitutes inaccurate reporting in violation of Discover's duties under the FCRA.

22. Additionally, Equifax reports a charge-off amount of $0 for the Account, which is internally inconsistent with a "Charge Off" status and further demonstrates the inaccuracy of the information being reported.

### D. Plaintiff's Disputes with the CRAs

23. Plaintiff disputed the inaccurate Discover Account information directly with Experian. Experian processed the dispute and updated the Account information in or about December 2025. However, despite processing the dispute, Experian failed to correct the inaccurate information, and the Account continues to be reported inaccurately on Plaintiff's Experian consumer report.

24. Plaintiff disputed the inaccurate Discover Account information directly with Equifax. As of March 6, 2026, Equifax's report states that the "Reinvestigation [is] in Process" and notes "Consumer Disputes This Account Information." Despite receiving Plaintiff's dispute, Equifax has failed to complete its reinvestigation or correct the inaccurate information within the time required by law.

25. Plaintiff disputed the inaccurate Discover Account information directly with TransUnion. On March 21, 2026, through undersigned counsel, Plaintiff sent TransUnion a written dispute via certified mail, return receipt requested, addressed to TransUnion Consumer Solutions, P.O. Box 2000, Chester, Pennsylvania 19016-2000, formally disputing the Discover Account pursuant to 15 U.S.C. § 1681i and demanding a reinvestigation. The dispute identified, among other inaccuracies, TransUnion's contradictory "Account paid in Full was a Charge-off" and "SETTLED-LESS THAN FULL BLNC" descriptors, the inconsistency with the information Discover furnished to Experian and Equifax, and the inaccurate "Date Closed" of February 21, 2021. Despite receiving Plaintiff's dispute, TransUnion failed to conduct a reasonable reinvestigation and failed to correct the inaccurate information within the time required by 15 U.S.C. § 1681i(a), and the Account continues to be reported inaccurately on Plaintiff's TransUnion consumer report.

26. Upon receiving Plaintiff's disputes, Experian, Equifax, and TransUnion were required by 15 U.S.C. § 1681i(a)(2) to transmit notice of the disputes to Discover, the furnisher.

27. Upon information and belief, Experian, Equifax, and TransUnion transmitted notice of Plaintiff's disputes to Discover through the Automated Consumer Dispute Verification ("ACDV") process or similar mechanism.

28. Upon receipt of notice of Plaintiff's disputes from the CRAs, Discover became obligated under 15 U.S.C. § 1681s-2(b)(1) to:

(a) conduct an investigation with respect to the disputed information (§ 1681s-2(b)(1)(A));

(b) review all relevant information provided by the CRAs (§ 1681s-2(b)(1)(B));

(c) report the results of the investigation to the CRAs (§ 1681s-2(b)(1)(C)); and

(d) if the investigation found the information to be incomplete or inaccurate, report those results to all CRAs to which Discover furnished the information (§ 1681s-2(b)(1)(D)).

29. Despite receiving notice of Plaintiff's disputes, Discover failed to conduct a reasonable investigation and continued to report inaccurate and inconsistent information about the Account to all three CRAs.

### E. Harm to Plaintiff from Inaccurate Reporting

30. Since the Account was settled in June 2025, Plaintiff's consumer reports have been accessed by third parties on at least seventeen (17) separate occasions, as reflected in the inquiry sections of Plaintiff's credit reports.

31. The vast majority of these inquiries were from mortgage lenders, including but not limited to Rocket Mortgage, New American Funding, Wintrust Mortgage, MidFlorida Credit Union, Bell Bank, LeaderOne Financial, and others. Each of these mortgage lenders received a consumer report containing the inaccurate Discover Account information.

32. In or about December 2025, Plaintiff applied for a mortgage loan through Primerica in the amount of $313,625. Primerica denied Plaintiff's mortgage application. Upon information and belief, Primerica's denial was a direct result of the inaccurate Discover Account information appearing on Plaintiff's consumer reports, including the false charge-off status, inconsistent account characterizations, and the fabricated December 30, 2025 derogatory date. The denial letter is in Plaintiff's possession and constitutes direct evidence of actual damages.

33. Each time a third party accessed Plaintiff's consumer report and received inaccurate information about the Account, that dissemination constituted a separate publication of inaccurate information by the CRA(s) that produced the report.

34. Plaintiff has Article III standing to bring each claim in this Complaint. The inaccurate information was not merely maintained in a file — it was actually disseminated to third parties on at least seventeen separate occasions, causing concrete and particularized injury including denial of a $313,625 mortgage, diminished creditworthiness, and emotional distress. See TransUnion LLC v. Ramirez, 594 U.S. 413, 427 (2021) (standing requires dissemination to third parties); Spokeo, Inc. v. Robins, 578 U.S. 330, 340 (2016) (injury must be concrete and particularized).

35. As a direct and proximate result of Defendants' conduct, Plaintiff has suffered actual damages, including but not limited to:

> (a) denial of credit and/or receipt of less favorable credit terms, including denial or delay of mortgage applications;
>
> (b) diminished credit scores as a result of the inaccurate charge-off, delinquency, and inconsistent reporting;
>
> (c) emotional distress, including stress, anxiety, frustration, and humiliation resulting from the inability to obtain a mortgage and the repeated need to address the inaccurate information;
>
> (d) lost time and effort expended in attempting to dispute and correct the inaccurate information; and
>
> (e) other consequential damages to be proven at trial.

36. Plaintiff continues to suffer ongoing harm from the inaccurate reporting, as the Discover Account information remains inaccurate on all three consumer reports as of the date of this Complaint.

**F. Willfulness**

37. Discover's conduct was willful within the meaning of 15 U.S.C. § 1681n. Discover acted in knowing or reckless disregard of its obligations under the FCRA by:

> (a) furnishing materially different information about the same Account to three different CRAs simultaneously, which is per se evidence of inaccurate reporting;

(b) reporting brand-new derogatory information (a "Date Major Delinquency First Reported" of December 30, 2025) on an account that had been settled and closed for over six months, when Discover knew or should have known that no new delinquency had occurred;

(c) failing to conduct a reasonable investigation after receiving notice of Plaintiff's disputes from Experian and Equifax, despite having in its own records evidence that the Account had been settled;

(d) upon information and belief, conducting nothing more than a cursory "data conformity review" rather than a meaningful investigation of whether the reported information was actually accurate, which is per se unreasonable, see Marchisio v. Carrington Mortg. Servs., LLC, 919 F.3d 1288, 1306 (11th Cir. 2019); and

(e) continuing to furnish inaccurate information after being on notice of the inaccuracies through the dispute process.

38. Equifax's conduct was willful within the meaning of 15 U.S.C. § 1681n. Equifax acted in knowing or reckless disregard of its obligations under the FCRA by:

(a) publishing a consumer report containing the internally inconsistent information that the Account was both a "Charge Off" with a charge-off amount of $0 — a facially implausible combination that Equifax's reasonable procedures should have detected;

(b) publishing a consumer report reflecting new derogatory information (December 30, 2025) on an account that was settled and closed in June 2025, without any verification that new derogatory activity had actually occurred;

(c) disseminating the inaccurate information to at least seventeen (17) third parties since June 2025, each time without following reasonable procedures to assure maximum possible accuracy;

(d) failing to complete a reasonable reinvestigation of Plaintiff's dispute within thirty (30) days, as the dispute remains listed as "in Process" as of March 6, 2026; and

(e) upon information and belief, relying solely on Discover's automated verification through the ACDV process without conducting any independent review of the Account data, despite having received Plaintiff's dispute placing Equifax on notice that the furnisher's data was unreliable. See Williams v. First Advantage LNS Screening Sols., Inc., 947 F.3d 735, 749–50 (11th Cir. 2020); Collins v. Experian Info. Sols., Inc., 775 F.3d 1330, 1333 (11th Cir. 2015).

39. Experian's conduct was willful within the meaning of 15 U.S.C. § 1681n. Experian acted in knowing or reckless disregard of its obligations under the FCRA by:

(a) processing Plaintiff's dispute in December 2025 but failing to correct the inaccurate information, thereby confirming that its reinvestigation procedures were inadequate;

(b) continuing to publish a consumer report containing inaccurate charge-off information on a settled account, despite having been placed on notice through the dispute process;

(c) disseminating the inaccurate information to third-party creditors who accessed Plaintiff's report for mortgage lending purposes;

(d) upon information and belief, conducting its reinvestigation by merely transmitting an ACDV to Discover and accepting Discover's automated response without independent review, see Williams, 947 F.3d at 749–50; Collins, 775 F.3d at 1333; cf. Marchisio, 919 F.3d at 1306–08; and

(e) failing to follow reasonable procedures to assure maximum possible accuracy, as evidenced by the fact that a simple comparison of the Account data across bureaus would have revealed material inconsistencies.

40. TransUnion's conduct was willful within the meaning of 15 U.S.C. § 1681n.

TransUnion acted in knowing or reckless disregard of its obligations under the FCRA by:

(a) publishing a consumer report containing facially contradictory information — characterizing the Account as both "Account paid in Full was a Charge-off" and "SETTLED-LESS THAN FULL BLNC" — a per se inaccurate combination that TransUnion's reasonable procedures should have detected;

(b) publishing a consumer report reflecting a "Date Closed" of February 21, 2021, on an account that was not settled until June 2025, an inconsistency that TransUnion's reasonable procedures should have detected;

(c) disseminating the inaccurate information to third parties who accessed Plaintiff's report for mortgage lending purposes, each time without following reasonable procedures to assure maximum possible accuracy;

(d) failing to conduct a reasonable reinvestigation of Plaintiff's March 21, 2026 dispute within the time required by 15 U.S.C. § 1681i(a), and failing to correct the inaccurate information; and

(e) upon information and belief, relying solely on Discover's automated verification through the ACDV process without conducting any independent review, despite Plaintiff's dispute placing TransUnion on notice that the furnisher's data was unreliable. See Williams, 947 F.3d at 749–50; Collins, 775 F.3d at 1333.

41. Defendants' willful conduct entails an unjustifiably high risk of harm that is either known or so obvious that it should be known. See Safeco Ins. Co. of Am. v. Burr, 551 U.S. 47, 68–69 (2007).

**COUNT I — Discover Bank — Willful Violation of 15 U.S.C. § 1681s-2(b)**

42. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 41 above.

43. Discover is a "furnisher" of information to consumer reporting agencies within the meaning of 15 U.S.C. § 1681s-2.

44. Plaintiff disputed the inaccurate Account information with Experian, Equifax, and TransUnion, which transmitted notice of Plaintiff's disputes to Discover pursuant to 15 U.S.C. § 1681i(a)(2).

45. Upon receipt of notice of Plaintiff's disputes from the CRAs, Discover's duties under 15 U.S.C. § 1681s-2(b)(1) were triggered, including the duty to conduct an investigation, review all relevant information, report results to the CRAs, and, if the information was found to be incomplete or inaccurate, correct the information reported to all CRAs.

46. Discover willfully failed to conduct a reasonable investigation and continued to furnish inaccurate and materially inconsistent information about the Account to all three CRAs, in knowing or reckless disregard of its duties under 15 U.S.C. § 1681s-2(b). Upon information and belief, Discover's investigation consisted of nothing more than a cursory data conformity review, which is per se unreasonable under Marchisio v. Carrington Mortg. Servs., LLC, 919 F.3d 1288 (11th Cir. 2019).

47. As a direct and proximate result of Discover's willful violations, Plaintiff has suffered actual damages and is entitled to recover:

(a) statutory damages of not less than $100 and not more than $1,000 per violation, pursuant to 15 U.S.C. § 1681n(a)(1)(A);

(b) actual damages, pursuant to 15 U.S.C. § 1681n(a)(1)(A);

(c) punitive damages, pursuant to 15 U.S.C. § 1681n(a)(2); and

(d) costs and reasonable attorney's fees, pursuant to 15 U.S.C. § 1681n(a)(3).

**COUNT II (ALTERNATIVE) — Discover Bank — Negligent Violation of 15 U.S.C. § 1681s-2(b)**

48. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 41 above.

49. In the alternative, if Discover's conduct is not found to be willful, Discover negligently failed to comply with its duties under 15 U.S.C. § 1681s-2(b) by failing to conduct a reasonable investigation of Plaintiff's disputed Account information and by continuing to furnish inaccurate information to CRAs.

50. As a direct and proximate result of Discover's negligent violations, Plaintiff is entitled to recover:

(a) actual damages, pursuant to 15 U.S.C. § 1681o(a)(1); and

(b) costs and reasonable attorney's fees, pursuant to 15 U.S.C. § 1681o(a)(2).

**COUNT III — Equifax — Willful Violations of 15 U.S.C. §§ 1681e(b) and 1681i(a)**

51. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 41 above.

52. Equifax is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f).

53. At all times material hereto, Equifax maintained a consumer report in Plaintiff's name containing inaccurate information about the Account, including a "Charge Off" status with a $0 charge-off amount and a "Date Major Delinquency First Reported" of December 30, 2025 — more than six months after the Account was settled and closed.

54. Equifax willfully failed to follow reasonable procedures to assure maximum possible accuracy of Plaintiff's consumer report, in violation of 15 U.S.C. § 1681e(b), by publishing and

disseminating the inaccurate Account information to third parties on at least seventeen (17) occasions since June 2025. See Hinkle v. Midland Credit Mgmt., Inc., 827 F.3d 1295, 1307 (11th Cir. 2016).

55. Plaintiff disputed the inaccurate information directly with Equifax. Equifax failed to conduct a reasonable reinvestigation within the time required by 15 U.S.C. § 1681i(a), as the dispute remains listed as "Reinvestigation in Process" as of March 6, 2026.

56. Equifax's violations were willful in that Equifax acted in knowing or reckless disregard of its obligations under the FCRA. See Safeco Ins. Co. of Am. v. Burr, 551 U.S. 47, 68 –69 (2007); Williams v. First Advantage LNS Screening Sols., Inc., 947 F.3d 735, 749–50 (11th Cir. 2020).

57. As a direct and proximate result of Equifax's willful violations, Plaintiff is entitled to recover:

(a) statutory damages of $100–$1,000 per violation (§ 1681n(a)(1)(A));
(b) actual damages (§ 1681n(a)(1)(A));
(c) punitive damages (§ 1681n(a)(2)); and
(d) costs and reasonable attorney's fees (§ 1681n(a)(3)).

**COUNT IV (ALTERNATIVE) — Equifax — Negligent Violations of 15 U.S.C. §§ 1681e(b) and 1681i(a)**

58. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 41 above.

59. In the alternative, if Equifax's conduct is not found to be willful, Equifax negligently failed to comply with 15 U.S.C. §§ 1681e(b) and 1681i(a) by failing to follow reasonable procedures to assure maximum possible accuracy and by failing to conduct a reasonable reinvestigation of Plaintiff's dispute.

60. As a direct and proximate result, Plaintiff is entitled to recover:

(a) actual damages (§ 1681o(a)(1)); and

(b) costs and reasonable attorney's fees (§ 1681o(a)(2)).

**COUNT V — Experian — Willful Violations of 15 U.S.C. §§ 1681e(b) and 1681i(a)**

61. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 41 above.

62. Experian is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f).

63. At all times material hereto, Experian maintained a consumer report in Plaintiff's name containing inaccurate information about the Account, including reporting the Account as a charge-off with "$264 written off" despite the Account having been settled and closed in June 2025.

64. Experian willfully failed to follow reasonable procedures to assure maximum possible accuracy, in violation of 15 U.S.C. § 1681e(b), by publishing and disseminating the inaccurate Account information to third parties.

65. In or about December 2025, Plaintiff disputed the inaccurate information directly with Experian. Experian processed the dispute but failed to correct the inaccurate information, thereby failing to conduct a reasonable reinvestigation in violation of 15 U.S.C. § 1681i(a).

66. Experian's violations were willful. See Safeco, 551 U.S. at 68–69; Williams, 947 F.3d at 749–50.

67. As a direct and proximate result of Experian's willful violations, Plaintiff is entitled to recover:

(a) statutory damages of $100–$1,000 per violation (§ 1681n(a)(1)(A));

(b) actual damages (§ 1681n(a)(1)(A));

(c) punitive damages (§ 1681n(a)(2)); and

(d) costs and reasonable attorney's fees (§ 1681n(a)(3)).

### COUNT VI (ALTERNATIVE) — Experian — Negligent Violations of 15 U.S.C. §§ 1681e(b) and 1681i(a)

68. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 41 above.

69. In the alternative, if Experian's conduct is not found to be willful, Experian negligently failed to comply with 15 U.S.C. §§ 1681e(b) and 1681i(a). See Collins v. Experian Info. Sols., Inc., 775 F.3d 1330, 1333 (11th Cir. 2015); Losch v. Nationstar Mortg. LLC, 995 F.3d 937, 947–49 (11th Cir. 2021).

70. As a direct and proximate result, Plaintiff is entitled to recover:

    (a) actual damages (§ 1681o(a)(1)); and

    (b) costs and reasonable attorney's fees (§ 1681o(a)(2)).

### COUNT VII — Trans Union LLC — Willful Violations of 15 U.S.C. §§ 1681e(b) and 1681i(a)

71. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 41 above.

72. TransUnion is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f).

73. At all times material hereto, TransUnion maintained a consumer report in Plaintiff's name containing inaccurate information about the Account, including facially contradictory descriptors characterizing the Account as both "Account paid in Full was a Charge-off" and "SETTLED-LESS THAN FULL BLNC," and a "Date Closed" of February 21, 2021 — more than four years before the Account was settled and closed in June 2025.

74. TransUnion willfully failed to follow reasonable procedures to assure maximum possible accuracy, in violation of 15 U.S.C. § 1681e(b), by publishing and disseminating the inaccurate Account information to third parties. See Hinkle v. Midland Credit Mgmt., Inc., 827 F.3d 1295, 1307 (11th Cir. 2016).

75. On March 21, 2026, Plaintiff disputed the inaccurate information directly with TransUnion via certified mail. TransUnion failed to conduct a reasonable reinvestigation within the time required by 15 U.S.C. § 1681i(a) and failed to correct the inaccurate information, which remains on Plaintiff's TransUnion consumer report.

76. TransUnion's violations were willful in that TransUnion acted in knowing or reckless disregard of its obligations under the FCRA, including by maintaining a facially contradictory account status its reasonable procedures should have detected and by relying solely on the furnisher's automated verification after notice of dispute. See Safeco, 551 U.S. at 68–69; Williams, 947 F.3d at 749–50.

77. As a direct and proximate result of TransUnion's willful violations, Plaintiff is entitled to recover:

> (a) statutory damages of $100–$1,000 per violation (§ 1681n(a)(1)(A));
> (b) actual damages (§ 1681n(a)(1)(A));
> (c) punitive damages (§ 1681n(a)(2)); and
> (d) costs and reasonable attorney's fees (§ 1681n(a)(3)).

**COUNT VIII (ALTERNATIVE) — Trans Union LLC — Negligent Violations of 15 U.S.C. §§ 1681e(b) and 1681i(a)**

78. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 41 above.

79. In the alternative, if TransUnion's conduct is not found to be willful, TransUnion negligently failed to comply with 15 U.S.C. §§ 1681e(b) and 1681i(a) by failing to follow reasonable procedures to assure maximum possible accuracy and by failing to conduct a reasonable reinvestigation of Plaintiff's dispute. See Collins v. Experian Info. Sols., Inc., 775 F.3d 1330, 1333 (11th Cir. 2015); Losch v. Nationstar Mortg. LLC, 995 F.3d 937, 947–49 (11th Cir. 2021).

80. As a direct and proximate result, Plaintiff is entitled to recover:

(a) actual damages (§ 1681o(a)(1)); and

(b) costs and reasonable attorney's fees (§ 1681o(a)(2)).

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff Thomas Michael Lisowsky respectfully requests that this Court enter judgment in his favor and against Defendants Discover Bank, Equifax Information Services, LLC, Experian Information Solutions, Inc., and Trans Union LLC, and award:

(A) statutory damages of $100–$1,000 per violation, per Defendant (§ 1681n(a)(1)(A));

(B) actual damages, including emotional distress, credit harm, and denial of mortgage credit;

(C) punitive damages against each Defendant (§ 1681n(a)(2));

(D) costs and reasonable attorney's fees (§§ 1681n(a)(3) and/or 1681o(a)(2));

(E) pre- and post-judgment interest;

(F) an order requiring Defendants to correct and/or delete the inaccurate information; and

(G) such other relief as the Court deems just and proper.

### DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury on all issues so triable.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 2, 2026            , I electronically filed the foregoing with the Clerk of the Court using CM/ECF, which will serve a Notice of Electronic Filing on all counsel of record.

Respectfully submitted,
VINDEX PRIVATUS, PLLC
By: /s/ David Cruz
David Cruz, Esq. · Florida Bar No. 1006812
2525 Ponce de Leon Blvd, Suite 300, Coral Gables, FL 33134
(786) 626-8113 · david@vindexprivatus.com

Counsel for Plaintiff