**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 26-cv-21631-ALTMAN/Hernandez**

**THOMAS MICHAEL LISOWSKY**,

*Plaintiff*,

*v.*

**DISCOVER BANK**, *et al.*,

*Defendants.*

______________________________________/

**ORDER**

Before the Court is Defendants' Motion to Stay All Pre-Trial Deadlines, Including Discovery, or Alternatively for an Extension of All Pre-Trial Deadlines (the "Motion"). [ECF No. 68]. Defendants ask to pause all pretrial deadlines until the Court rules on the Motion for Judgment on the Pleadings (the "MJP"), [ECF No. 61]. *See* [ECF No. 68 ¶¶ 21–24]. Alternatively, Defendants ask for a ninety-day extension of all pre-trial deadlines. *Id.* ¶ 25. Plaintiff opposes the Motion. A stay pending the adjudication of a dispositive motion is the exception, not the rule, and Defendants have not shown specific prejudice from allowing the case to proceed. Accordingly, and after due consideration, the Motion is **GRANTED in part** and **DENIED in part**. The Parties will get an additional 30 days to complete discovery and file motions for summary judgment.

* * *

Plaintiff Thomas Michael Lisowsky ("Plaintiff") filed his complaint on March 12, 2026. [ECF No. 1]. On June 22, 2026, the District Court issued its scheduling order. [ECF No. 25]. A little over a week later, Plaintiff filed his Amended Complaint. [ECF No. 29]. Defendant Capital One s/b/m Discover Bank ("Discover Bank") filed its Answer to the Amended Complaint on July 15, 2026. [ECF No. 37]. Defendant Experian Information Solutions, Inc. ("Experian") filed its Answer to the

Amended Complaint on July 16, 2026. [ECF No. 39]. On August 25, 2026, Defendant Trans Union, LLC ("Trans Union") was served, [ECF No. 57; ECF No. 68 ¶ 6], and it filed its Answer on September 14, 2026, [ECF No. 59]. Experian filed the MJP on September 22, 2026. [ECF No. 61]. Trans Union moved to join the MJP on October 23, 2026, [ECF No. 67], the same day it filed the Motion, [ECF No. 68]. Discovery is due on November 10, 2026, and summary judgment motions are due on December 2, 2026. [ECF No. 25 at 2].

A court wields "broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997). But "motions to stay discovery pending ruling on a dispositive motion are generally disfavored in this district." *Cuhaci v. Kouri Grp.*, *LP*, 540 F. Supp. 3d 1184, 1187 (S.D. Fla. 2021) (cleaned up); *see also Cal Bridge, Inc. v. OneCal*, No. 24-cv-22361-RKA, 2025 WL 3682759, at *1 (S.D. Fla. Jan. 22, 2025) ("A stay of discovery pending the determination of a motion is the exception rather than the rule." (cleaned up)). And with good reason: "when discovery is delayed or prolonged it can create case management problems which impede the Court's responsibility to expedite discovery and cause unnecessary litigation expenses and problems." *Tillman v. Advanced Pub. Safety, Inc.*, No. 15-cv-81782-KAM, 2016 WL 11501679, at *1 (S.D. Fla. June 2, 2016) (quoting *United States v. Berkley Reg'l Ins. Co.*, No. 6:15-CV-331-ORL-41, 2015 WL 2452298, at *1 (M.D. Fla. May 21, 2015)). "While it is not necessary for the Court to, in effect, decide the [dispositive motion] to determine whether the motion to stay discovery should be granted, it is necessary for the Court to 'take a preliminary peek' at the merits of the motion to dismiss to see if it appears to be clearly meritorious." *Cuhaci*, 540 F. Supp. 3d at 1187 (quoting *Feldman v. Flood*, 176 F.R.D. 651, 652–53 (M.D. Fla. 1997)). But "[u]ltimately, the proponent of the stay bears the burden of demonstrating its necessity, appropriateness, and reasonableness." *Id.* at 1187 (quoting *Ray v. Spirit Airlines, Inc.*, No. 12-cv-61528-RNS, 2012 WL 5471793, at *1 (S.D. Fla. Nov. 9, 2012)).

Defendants seek a stay first and an extension second. Conservation of resources and judicial economy, they argue, justify the stay. But a stay pending the adjudication of dispositive motions is the exception, not the rule, and Defendants have not shown specific prejudice from allowing the case to proceed. *Cal Bridge*, 2025 WL 3682759, at *1. Although Defendants argue that complying with the existing deadlines presents a "significant" and "undue" burden, [ECF No. 68 ¶¶ 24, 28], they provide little information about that burden. Conclusory references to tight timeframes and a passing comment regarding producing "proprietary documents," *id.* ¶ 20, is not enough. On the latter point, Defendants have failed to address why a protective order constitutes inadequate protection for their confidential materials. Nor have they supplied any legal authority to suggest that the burden of complying with garden variety discovery justifies a stay. Along similar lines, Defendants' conclusory assertion that proceeding with discovery will disrupt its business and lead to expenses is unavailing. *See id.* ¶ 22. They leave the Court without crucial specifics, such as the nature of the business disruption and the magnitude of the expenses. And, "[t]o the extent that Defendants have valid concerns regarding unduly burdensome discovery requests or any unjustified discovery expenses, Defendants are free to resort to our discovery dispute resolution procedures, where they will be afforded the opportunity to raise any appropriate discovery objections." *Wilshire Ins. Co. v. Crestview Towers Condo., Ass'n, Inc.*, No. 21-cv-23214-DPG, 2023 WL 7129941, at *9 (S.D. Fla. Mar. 8, 2023). Because "discovery stay motions are generally denied except where a specific showing of prejudice or burdensomeness is made or where a statute dictates that a stay is appropriate or mandatory," a stay of discovery is not warranted. *Cal Bridge*, 2025 WL 3682759, at *1 (quoting *Montoya v. PNC Bank, N.A.*, No. 14-cv-20474-JG, 2014 WL 2807617, at *2 (S.D. Fla. June 20, 2014)). Similarly, a general statement that it is burdensome to comply to with the summary judgment deadline is not adequate.

Defendants cite *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997), for the broad proposition that facial challenges to the legal sufficiency of a claim or defense should be resolved

before discovery begins. [ECF No. 68 ¶ 15]. Two problems there. First, the MJP was not filed until September 22, 2026, [ECF No. 61], well after the Scheduling Order was filed on June 22, 2026, [ECF No. 25], and Trans Union did not move to join the MJP until October 23, 2026, [ECF No. 67]. Trans Union waited two months after being served to act, which undercuts its claim of prejudice. Second, "as courts in our District have repeatedly observed, '*Chudasama* does not [in fact] state a general rule that discovery be stayed pending resolution of a [dispositive motion].'" *Cal Bridge*, 2025 WL 3682759, at *2 (quoting *Cuhaci*, 540 F. Supp. 3d at 1187) (first alteration in original).

And from our preliminary peek at the pending MJP, we cannot reliably conclude that it "presents a facially dispositive ground, which is 'clearly meritorious and truly case-dispositive.'" [ECF No. 68 ¶ 16]. In the MJP, Experian argues that no material facts remain in dispute. [ECF No. 61 at 5]. But Plaintiff responds that Experian continued to report an inaccurate present condition and that Experian's procedures were not reasonable, arguing that these constitute material questions of fact. [ECF No. 64 at 1, 4, 6–7]. Additionally, the MJP was filed by Experian alone and only requests dismissal of the two counts (Counts V and VI) brought against Experian. [ECF No. 61 at 15]. Although Trans Union has recently moved to join Experian's MJP, [ECF No. 67], the Amended Complaint also contains two counts against Discover Bank, [ECF No. 29 ¶¶ 42–50], and that defendant has not yet moved to join the MJP.

We next consider whether Defendants have established good cause for their proposed 90-day extension of the pretrial deadlines. *See* FED. R. CIV. P. 16(b)(4). Defendants hang their request on the pending MJP and an appeal to judicial economy. They say proceeding with discovery would waste valuable resources if the MJP is granted. [ECF No. 68 ¶¶ 21–24]. That claim proves too much. It turns every dispositive motion into a de-facto stay on economy grounds, but "a stay of discovery pending the determination of a motion is the exception rather than the rule." *Cal Bridge*, 2025 WL 3682759, at *1 (cleaned up). Next, Trans Union argues that it "has not had ample time since being

served to conduct discovery on Plaintiff." [ECF No. 68 ¶ 28]. Yet Defendant bears some responsibility for that—to date, it has served no written discovery on Plaintiff, *id.* ¶ 10, and does not otherwise indicate a diligent attempt to meet the pre-trial deadlines despite being served on August 25, 2026. That said, the Court does find good cause for a 30-day extension of the discovery and summary judgment motion deadlines. Delays in serving all Defendants and the recent flurry of motions supports this conclusion.

* * *

It is therefore **ORDERED AND ADJUDGED** that the Motion, [ECF No. 68], is **GRANTED in part** and **DENIED in part**:

1. Defendants' Motion to Stay All Pre-Trial Deadlines, Including Discovery, [ECF No. 68], is **DENIED**.

2. Defendants' alternative motion for an extension of all pre-trial deadlines, [ECF No. 68], is **GRANTED in part** and **DENIED in part**. The parties shall complete all discovery, including expert discovery, no later than **December 10, 2026**. The parties shall file any motions for summary judgment no later than **January 4, 2027**. The Court's Order Setting Trial and Pre-Trial Schedule, Requiring Mediation, and Referring Certain Matters to Magistrate Judge, [ECF No. 25], is otherwise unmodified.

DONE AND ORDERED in the Southern District of Florida on October 28, 2026.

YENEY HERNANDEZ
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF FLORIDA