**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 26-cv-21631-ALTMAN/Hernandez**

**THOMAS MICHAEL LISOWSKY**,

*Plaintiff*,

*v.*

**DISCOVER BANK**, *et al.*,

*Defendants.*

_______________________________________/

**ORDER**

Plaintiff, Thomas Michael Lisowsky ("Plaintiff"), moved *ore tenus* for leave to file a second amended complaint ("Motion"). [ECF No. 83]. The Motion is identical to Plaintiff's previously filed motion ("Original Motion"), [ECF No. 69], which sought leave to add new information purportedly acquired during discovery. Because Plaintiff fails to establish good cause for this eleventh-hour amendment, we **DENY** the Motion.

* * *

Plaintiff filed his Complaint on March 12, 2026. [ECF No. 1]. The Complaint included allegations that Defendant Experian Information Solutions, Inc. ("Experian") violated the Fair Credit Reporting Act ("FCRA") by inaccurately reporting a $264 charge-off despite Plaintiff settling this debt with Defendant Capital One s/b/m Discover Bank ("Discover"), and for failing to conduct an adequate reinvestigation of Plaintiff's dispute. *See id.* ¶¶ 58–67. Discover filed its Answer and Affirmative Defenses on May 20, 2026. [ECF No. 20]. Experian filed its own Answer and Affirmative Defenses the same day. [ECF No. 18]. On June 22, 2026, the District Court issued its scheduling order, which set a July 13, 2026 deadline for amending the pleadings, and a November 10, 2026 cutoff for discovery. [ECF No. 25 at 2]. A little over a week later, Plaintiff filed his Amended Complaint,

which added Defendant Trans Union, LLC ("Trans Union"). [ECF No. 29]. Plaintiff served Trans Union on August 25, 2026, [ECF No. 57], which filed its Answer on September 14, 2026, [ECF No. 59]. In the Motion, Plaintiff seeks permission to add allegations against Experian. He argues that amendment is appropriate because he only recently acquired this additional information during discovery.

"[W]hen a motion to amend is filed after a scheduling order deadline, Rule 16 is the proper guide for determining whether a party's delay may be excused." *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 n.2 (11th Cir. 1998) (citation omitted). A plaintiff seeking leave to amend after the deadline in a scheduling order must show "good cause" under Federal Rule of Civil Procedure 16(b). *See S. Grouts & Mortars, Inc. v. 3M Co.*, 575 F.3d 1235, 1241 (11th Cir. 2009); *see also* FED. R. CIV. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent."). "If [a] party was not diligent, the [good cause] inquiry should end." *Sosa*, 133 F.3d at 1418 (quoting *Johnson v. Mammoth Recreations, Inc.,* 975 F.2d 604, 609 (9th Cir.1992)). The Eleventh Circuit has explained that a party fails the diligence inquiry by (1) waiting months before engaging in the discovery that yielded the belatedly acquired information, or (2) attempting to amend with information that was available pre-suit. *See id.* at 1419 (finding that each of these factors demonstrated a lack of good cause).

At the November 10, 2026 hearing on the Motion ("Hearing"), [ECF No. 80], Plaintiff acknowledged that he did not propound discovery upon Experian until September 9, 2026, almost two months *after* the amendment deadline and over three months after the parties filed their joint scheduling report.[1] *See* [ECF No. 25 at 2; ECF No. 24]. Because Plaintiff delayed in propounding discovery, he did not receive responses to his initial discovery requests from Experian until October

[1] Our Local Rules require the parties to submit the scheduling report within fourteen days of the conference. L.R. 16.1(b)(2). This means Plaintiff could have served discovery at least as early as June 19, 2026—when the parties filed the joint scheduling report. [ECF No. 24]. Experian had appeared in the case by then and joined in the scheduling report. *Id.* at 4; [ECF No. 18].

14, 2026, [ECF No. 69 § 5], less than a month before the original discovery cutoff, *see* [ECF No. 25 at 2].

Plaintiff attempts to justify this delay by claiming that he needed to receive Discover's discovery responses before moving on to Experian. But Plaintiff never explained why discovery could not proceed on parallel tracks. In any case, Plaintiff represents that the proposed amendments have very little to do with Discover, which makes it difficult to accept that the proposed amendments hinge on information Discover provided. [ECF No. 69 § 7 ("Every allegation and count directed to Discover, Equifax, and Trans Union is unchanged in substance[.]")]. But even if we were to assume that—for *some* reason—the information Plaintiff seeks to add was unavailable until Discover responded, that would not excuse the delay here. Discover appeared in the case on April 1, 2026, [ECF No. 6], and filed its answer on May 20, 2026, [ECF No. 20]. In other words, Plaintiff had months to approach Discover with its requests. And Plaintiff had no reason to wait until September 9, 2026—well past the amendment deadline—to propound discovery upon Experian knowing full well that the responses would not be due until less than a month before the discovery cutoff. Moreover, by Plaintiff's own account, Discover provided interrogatory answers on August 3, 2026, but he did not move to amend until October 28, 2026—nearly three months later. [ECF No. 69 § 9]. Plaintiff has not explained that delay, either. In short, Plaintiff's lack of diligence weighs against granting the Motion. *See Sosa*, 133 F.3d at 1418.

One final point: Plaintiff could have added many of the purportedly new allegations before the amendment deadline. He seeks to add allegations related to the settlement figure, explaining that he paid a portion of the charge-off amount. It strains credulity to think that Plaintiff needed discovery—from any defendant—to know how much *he* paid in settlement. Because there is no reason why Plaintiff could not have included this information in the Amended Complaint—or the original Complaint, for that matter—he fails to establish good cause for amending months after the

deadline. *See id.* at 1419; *Gonin v. Carnival Corp.*, No. 23-cv-24161-RKA, 2024 WL 2976743, at *3 (S.D. Fla. June 13, 2024) (denying post-deadline amendment, where plaintiff sought to add information "she herself *already* knew [ ]or could have easily learned").

* * *

It is therefore **ORDERED AND ADJUDGED** that the Motion, [ECF No. 83], is **DENIED**.

DONE AND ORDERED in the Southern District of Florida on November 11, 2026.

YENEY HERNANDEZ
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF FLORIDA